1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERESA DIANE DAVIS,                    No.  2:18-cv-2415-WBS-KJN

12             Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                            ON PLAINTIFF'S MOTION FOR FEES
13        v.                                UNDER THE EAJA

14   COMMISSIONER OF SOCIAL                 (ECF No. 28.)
     SECURITY,
15
             Defendant.
16

17        Plaintiff filed a complaint against the Commissioner of Social Security concerning the

18   ALJ's denial of benefits.  (ECF No. 1.)  The action proceeded before the undersigned pursuant to

19   Local Rule 302(c)(15) for the entry of findings and recommendations.  (See ECF Nos. 7, 9.)  On

20   March 25, 2020, the undersigned found that the ALJ failed to fully consider all of plaintiff's

21   alleged mental impairments.  (ECF No. 25.)  It was recommended the case be remanded for

22   further administrative proceedings.  (Id.)  The district court adopted the findings and

23   recommendations, entering judgment on April 4, 2020.  (ECF Nos. 26, 27.)

24        On July 12, 2020, plaintiff moved for attorney's fees under the Equal Access to Justice

25   Act ("EAJA"), 28 U.S.C. § 2412.  (ECF No. 28.)  The Commissioner opposed.  (ECF No. 29.)

26        The undersigned finds the ALJ and Commissioner were substantially justified in asserting

27   their positions.  Thus, it is recommended plaintiff's EAJA motion be DENIED.  These findings

28   and recommendations are submitted to the district court for review.  See Local Rule 302(c)(15).

                                            1

1      **Jurisdiction**

2          Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear

3  any non-dispositive pretrial matter pending before the court.  Section 636(b)(1)(B) allows the

4  district court to authorize a magistrate judge to "conduct hearings, including evidentiary hearings,

5  and to submit to a judge of the court proposed findings of fact, and recommendations for the

6  disposition" of motions that the magistrate cannot dispose of under section 636(b)(1)(A).  Local

7  Rule 302(c)(15) refers proceedings brought under 42 U.S.C. to "review a final decision of the

8  Commissioner of Social Security, including dispositive and non–dispositive motions and matters.

9  A United States Magistrate may not enter a final judgment without the consent of all parties.  28

10 U.S.C. § 636(c); see also Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017); Robert Ito

11 Farm, Inc. v. Cty. of Maui, 842 F.3d 681, 686 (9th Cir. 2016) ("Where the magistrate judge has

12 not received the full consent of the parties, he has no authority to enter judgment in the case, and

13 any purported judgment is a nullity.") (quoting Kofoed v. Int'l Bhd. of Elec. Workers, Local 48,

14 237 F.3d 1001, 1004 (9th Cir. 2001)).

15         Plaintiff submitted her motion for attorney's fees under the EAJA and submitted a

16 proposed order to the undersigned for review.  (ECF No. 28.)  However, as not all parties

17 consented to the jurisdiction of the magistrate judge, the undersigned cannot enter an order on

18 plaintiff's motion.  28 U.S.C. § 636(c); Williams, 875 F.3d at 503-04; Estate of Conners, 6 F.3d

19 at 658.  An award of attorney's fees is a final judgment that requires jurisdiction.  See Estate of

20 Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (magistrate judge lacks authority to enter

21 final order on post–judgment motion for attorney's fees without the consent of all parties).

22 Instead, plaintiff's EAJA motion proceeds before the undersigned for an entry of findings and

23 recommendations.  See Local Rule 302(c)(15) (referring to the magistrate judge social security

24 review matters brought under Title 42 U.S.C., "including dispositive and non-dispositive motions

25 and matters."); see also, e.g., Jackson v. Bd. of Trustees of Wolf Point, Montana, 2014 WL

26 1794551, at *1 (D. Mont. Apr. 21, 2014) (where the parties had not consented to the jurisdiction

27 of the magistrate judge, the court resolved the post-judgment motion for attorney's fees on

28 findings and recommendations for review by the district court).

**EAJA Analysis**

The EAJA, 28 U.S.C. § 2412(d)(1)(A)-(C), provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

Here, plaintiff is a prevailing party because she successfully obtained a remand under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Further, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[1] Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA because the position of the Commissioner was substantially

---

[1] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on April 14, 2020. (ECF No. 27.) The judgment became a non-appealable "final judgment" 60 days later. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff could file an application for EAJA fees no later than 30 days after the "final judgment."

3

1    justified.  See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled

2    to attorneys' fees unless the government shows that its position "with respect to the issue on

3    which the court based its remand was 'substantially justified'").

4         In Pierce v. Underwood, the Supreme Court defined "substantial justification" as

5    "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable

6    person.  487 U.S. 552, 565 (1988).  This standard is "no different from the 'reasonable basis in

7    both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts

8    of Appeals that have addressed this issue.  Id.  A position does not have to be correct to be

9    substantially justified.  Id. at 566 n.2; Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).  In

10   determining substantial justification, the court reviews both the underlying governmental action

11   being defended in the litigation and the positions taken by the government in the litigation itself.

12   28 U.S.C. § 2412(d)(2)(D).  The burden of establishing substantial justification is on the

13   government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

14        The Commissioner's argument that its position in this case was substantially justified is

15   persuasive.  Plaintiff raised multiple arguments in her summary judgment motion, categorized as:

16            First, plaintiff contends the ALJ's assessment of her mental
              impairments is faulty, because the record was incomplete as to her
17            mental-health treatment, and evidence of her bipolar and other
              mental conditions was ignored; thus plaintiff argues her RFC was
18            "devoid of any legitimate evidentiary support."  Second, plaintiff
              avers the ALJ's assessment of her physical impairments was
19            defective, as certain of them were not explicitly mentioned in the
              decision, the consulting physicians' opinions were given too much
20            weight, and plaintiff's subjective symptoms were inappropriately
              disregarded.  Third, plaintiff argues the ALJ's failure to . . . address
21            a 2009 determination of disability was error.

22   (ECF No. 25 at 4.)  Ultimately, the undersigned was persuaded that the ALJ failed to adequately

23   analyze plaintiff's mental impairments, and recommended remand for further review.  (Id. at 5-9.)

24   The district court adopted the recommendations in full.  (ECF No. 26.)  In the instant motion,

25   plaintiff argues that because it was determined "the ALJ's decision was not supported by

26   substantial evidence, the underlying government action was not substantially justified."  (ECF

27   No. 28 at 11-12.)  However, plaintiff's conclusory summation of the underlying proceedings

28   ignores the nuance expressed in the court's previous findings.

Most importantly, the undersigned found plaintiff's case "<u>very near the line counseling against remand</u>." (ECF No. 25 at 6, emphasis in original.)  This analysis was so because, despite plaintiff's assertions that she had multiple undiagnosed mental impairments (mainly bipolar disorder and ADHD), her medical records indicated she had primarily been diagnosed with depression and anxiety—which the ALJ did in fact consider when formulating the RFC.  (<u>Id.</u> at 7.)  The undersigned found plaintiff's assertions regarding the bipolar and ADHD conditions to be particularly broad, generally lacking in support, and almost entirely in the background in the proceedings before the ALJ—despite her being represented at the ALJ hearing.  (<u>Id.</u>)  However, it appeared that many of the medications prescribed to plaintiff could also be used to treat bipolar disorder or ADHD, and one consulting physician recognized the lengthy history of psychiatric care.  (<u>Id.</u>)  The ALJ resolved these conflicts against plaintiff, pursuant to his duty to do so. <u>Edlund v. Massanari</u>, 253 F. 3d 1152, 1156 (9th Cir. 2001).  However, because it was unclear whether the ALJ had considered the existence of these additional disorders, the court concluded the ALJ should take a second look at the issue.  (ECF No. 25 at 7-8.)

When applying this more-detailed description of the underlying proceedings to plaintiff's motion for attorney's fees, it should be clear that both the ALJ and Commissioner were substantially justified in their positions.  To date, the undersigned is still not fully convinced that plaintiff will be able to achieve a different result on remand.  Given that many of the medications plaintiff pointed to in support of her claim that she has ADHD and bipolar disorder can also be used to treat depression and anxiety, it is just as probable that a further look at plaintiff's mental status will not change the ultimate result (either because plaintiff does not suffer from these additional mental impairments, or that they have no effect on her residual functional capacity).  The ALJ focused on those impairments primarily reflected by the medical record, considered the medication part and parcel with the demonstrated impairments, and resolved ambiguities in plaintiff's subjective testimony and the medical record against a more-restrictive RFC.  Despite the court's findings on the merits of plaintiff's claims, it was not unreasonable for the ALJ to do so.  It was equally reasonable for the Commissioner to move for summary judgment affirming the ALJ's decision on these grounds.  <u>Pierce</u>, 487 U.S. at 565; <u>Lewis</u>, 281 F.3d at 1083; <u>see also, e.g.</u>,

5

1  Brainard v. Astrue, 2013 WL 773735, at *2 (D. Or. Feb. 28, 2013) (denying EAJA motion on

2  substantial justification grounds where, despite some procedural errors, the ALJ attempted to

3  resolve ambiguities in the record regarding a medical opinion and the plaintiff's symptom

4  testimony); Tindle v. Astrue, 2012 WL 5353913, at *6 (D. Ariz. Oct. 30, 2012) (finding that the

5  Commissioner had a reasonable basis in law and fact to defend the ALJ's decision where the court

6  found procedural error but the ALJ otherwise attempted to resolve conflicts in the record) (citing

7  Putz v. Astrue, 454 Fed. Appx. 632 (9th Cir. 2011) ("In light of the ambiguity of the evidence and

8  the closeness of the legal and factual questions posed by [plaintiff's] case, the district court did

9  not err in determining that the government's position was substantially justified.")).

10       Additionally, though the court only discussed the first of plaintiff's arguments in detail, it

11  was also noted that the ALJ's remaining analysis appeared well reasoned.  (ECF No. 25 at 9.)

12  Without commenting further on the substance of plaintiff's remaining claims, the undersigned

13  finds both the ALJ and Commissioner were substantially justified regarding these alternate

14  arguments.  Pierce, 487 U.S. at 565; Lewis, 281 F.3d at 1083.

15  **RECOMMENDATIONS**

16       Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for attorney's fees

17  under the EAJA be DENIED.  These findings and recommendations are submitted to the United

18  States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).

19  Within fourteen (14) days after being served with these findings and recommendations, any party

20  may file written objections with the court and serve a copy on all parties.  Such a document

21  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any

22  reply to the objections shall be served on all parties and filed with the court within fourteen (14)

23  days after service of the objections.  The parties are advised that failure to file objections within

24  the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan,

25  158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

26  Dated:  August 10, 2020

27

28  davi.2415

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE